UNITED STATES DISCTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



Paul Watson
    Plaintiff,

v.

3:22 cv 731

Virginia Commonwealth
University, Official Capacity;
Richard Sliwoski,
Associate Vice President of Virginia Commonwealth
University, In His Individual and Official Capacity;
Samuel Robertson,
Executive Director of Virginia Commonwealth
University, In His Individual and Official Capacity;
Michael Loving,
Director of Virginia Commonwealth
University, In His Individual and Official Capacity;
Claudia Mangum,
Assistant Director of Virginia Commonwealth
University, In Her Individual and Official Capacity

    Defendants.

## COMPLAINT
### (Jury Trial Requested)

1.    This action is brought under 42 U.S.C. § 1983 and 42 § U.S.C 2000e. The Plaintiff, Paul Watson ("Plaintiff") is employed with Virginia Commonwealth University ("VCU") as a Financial and System Analyst under the department of Facilities Operations, under the department of Facilities Management Department as ("FMD").

2.    Watson sues Virginia Commonwealth University ("VCU"), named Defendant, in the official capacity; the four named Defendants, Richard Sliwoski, Samuel Robertson, Michael Loving, and Claudia Mangum, seeking declaratory, monetary, injunction relief, and attorney's fees and costs against those Defendants and effectively against VCU from the named Defendants at VCU in their official capacity for tolerating, encouraging, and participating, and allowing Mangum, Sliwoski, Robertson, and Loving for violation of the plaintiff's clearly established rights to equal protection of the law.

3.    Watson sues Sliwoski for threating and harassing remarks communicated to him or to third persons placing Watson in a state resulting in physical injury and emotional distress. Watson

further sues Sliwoski for retaliation and direct actions against his employment. Watson seeks monetary and injunctive relief, and attorney fees, and costs arising from Sliwoski's collaboration with the Defendants, VCU, Mangum, Robertson, and Loving in violation of the Plaintiff's clearly established rights to equal protection of the law.

4. Watson sues Robertson for monetary damages, and costs arising from Robertson's collaboration with the Defendants VCU, Sliwoski, Mangum, and Loving. Robertson communicated threats to Watson and to third parties regarding Watson's employment, resulting emotional distress, and discriminating remarks to Watson. Watson seeks monetary and injunctive relief for violations of the plaintiff's clearly established rights to equal protection of the law.

5. Watson sues Loving for participating, encouraging, and communicating to him or third persons threats to Watson's employment, retaliation, and emotional distress with the Defendants VCU, Sliwoski, Robertson, and Mangum. Watson seeks monetary and injunctive relief for violations of the plaintiff's clearly established rights to equal protection of the law.

6. Watson sues Mangum for harassing, abusive, fraudulent acts, and remarks to Watson directly or to third persons, thus placing Watson in a state resulting in physical injury and emotional distress. Watson further sues Mangum for participating, encouraging, and communicating in collaboration with the Defendant's VCU, Sliwoski, Robertson, and Loving for violations of his clearly established rights to equal protection of the law.

## JURISDICTION

7. This court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331

8. Venue in this court is proper pursuant to 28 U.S.C § 1391 because the Defendants reside in the Commonwealth of Virginia and in the Eastern District of Virginia, and the events giving rise to the Plaintiff's claim occurred in this judicial district.

## PARTIES

9. Watson is a citizen of the United States. Watson resides in Chesterfield, Virginia. He also holds a valued position in the VCU Facilities Management Department ("FMD") unit as the Financial and System Analyst.

10. Virginia Commonwealth University is sued as a Commonwealth University and the principal entity.

11. Richard Sliwoski, sued in his individual and official capacity only, is Associate Vice President of Facilities Management Department ("FMD") of VCU.

12. Samuel Robertson, sued in his individual and official capacity only, is Executive Director of Facilities Operations of VCU.

13. Michael Loving, sued in his individual and official capacity only, is Director of Facilities Assets of VCU.

14. Claudia Mangum, sued in her individual and official capacity only, is Assistant Director of Facilities Management Department of Financial Services of VCU.

## FACTS

15. Watson is a citizen of the United States. Watson resides in Chesterfield, Virginia. He also holds a valued position with VCU Facilities Management sub-division as the Financial and System Analyst. An expert on the financial and general use of the AiM system. One of the primary participants responsible for training and expert knowledge, and with Watson's expertise to train not only all levels of staff and including auditors of VCU for their needs in utilization of the primary Facilities Management System known as AiM, is a CMMS (Computerized Maintenance Management System).

16. Watson also received an award of honor from the VCU Office of the President for his contributions to a University Committee. Watson is also considered to be a valued member of the VCU community and Richmond community for his contributions to volunteer and outreach projects.

17. Watson has over a decade of financial work experience.

18.     Watson is also Native American and Puerto Rican, and a homosexual male who is active in both his Native American Indian heritage and LGBTQi+ community. I have worked with the local Native American Indian tribal communities and LGBTQi+ volunteer projects for VCU.

19.     On March 2, 2022, Paul Watson was given an Action Plan as a "Performance Improvement Plan" ("PIP") by his supervisor of this period Michael Loving (supervision of Watson, start date on January 2022) and SheDana Henry-Jones ("Human Resources Director of FMD"), and Suzanne Milton (Chief Ethics and Compliance Officer of VCU). The Performance Improvement Plan – Action Plan given to Watson is in clear violation of his rights under the law. The Action Plan stated it was being given to Watson and he must comply with all the steps listed for filing his complaint against Mangum and Sliwoski. To further include Watson was informed the Action Plan was not voluntarily and did not require his signature to enact the action plan and was required to perform all actions in the time allotted. "This Action Plan is aimed at your success and career development under the Working@VCU: Great Place HR policy. VCU received the report of investigation into your recent allegations of inappropriate workplace conduct, including workplace harassment, bullying, retaliation, hostile work environment, defamation and fraud. The report concludes that your allegations are not grounded in fact and lack evidence to support them. However, the report does demonstrate areas in which there was conflict, communication breakdowns, and other work-related relational challenges. As a result of the findings in the report, FMD is continuing to focus on reinforcing a positive workplace for you and your colleagues. To that end, I ask that you work collaboratively with your manager on your performance and career development goals, which contribute to the university's mission. Though you may not agree with the conclusions of the report, you will need to move forward in a constructive manner. Now that the investigation has concluded, it is time for you to focus your efforts on the expectations for your position. This action plan includes opportunities to demonstrate your current job-related skills and build the competencies that improve performance and enhance future career aspirations. VCU is committed to being a place where employees are connected to the university's mission, vision, core values and strategic priorities. VCU expects all employees to participate in training and educational opportunities that contribute to sustaining, enhancing, and improving their skills and competencies. To assist you in realizing your full potential at VCU, I am committed to helping you to succeed, specifically by promoting a positive, constructive, and energetic work environment for all members of the VCU community.

For the reasons cited above, I ask you to complete the following:

4

● Focusing on your Talent@VCU smart goals and competencies, which are essential requirements for your position,

● Scheduling at least bi-weekly (every two weeks) Talent@VCU Check-ins with your immediate manager to ensure you are effectively communicating with your colleagues and customers,

● Reviewing the Career Development Planning webpage to gain insight on your career path,

● Reviewing university competencies that are representative of the VCU core values which provides guidance for employees to be successful and also contribute to the university's mission. Please go to VCU's Core and Leadership Competencies to learn more,

● Receiving feedback from your managers through executive coaching and mentorship is an important component of an employee's career. I encourage you to learn more about developing an open and non-defensive posture to receiving coaching and feedback. This information is

intended to offer employees assistance to receive and respond to feedback in an appropriate and professional manner.

● Learning more about Communication within teams,

● Meeting and/or exceeding established job performance expectations as articulated in VCU's performance management guidelines,

● Making work-related decisions and taking actions that are always in the best interest of VCU, FMD and the VCU Community."

 20. Watson had communicated with his former supervisor Algappan ("Al") Subramanian of Mangum's hostile and abusive behaviors since 2019. Watson reported under the department of FMD Financial Services and reported during this time to David Goodwin ("Director of FMD Financial Services and supervised Subramanian from his start in FMD Financial Services and ended in January 2020). In January 2020, Paul Watson, his coworker Benita Price ("System and Reporting Coordinator"), Subramanian, were a part of the AiM team for Facilities Management and moved from reporting to Goodwin and moved under the Physical Plant Department under the Departmental Director John Less.

 21. After reporting additional complaints to John Less, before his separation from VCU in June 2020, Less reported to Watson, that Watson needed to file a complaint and go past reporting the complaint to SheDana Henry-Jones and Less's supervisor Richard Sliwoski, and file directly with

VCU Human Resources or Meredith Weiss ("Vice President of Administration of VCU"). John Less, stated that he did not believe SheDana Henry-Jones and Richard Sliwoski would address the concern properly and would dismiss it almost immediately.

22. On June 12, 2020, Watson met with SheDana Henry-Jones and Angela Nicholas ("Human Resources Consultant") to discuss the facts of the case. Henry-Jones made statements of Mangum's behavior as a communication issue during the meeting.

23. Watson met with Sliwoski on August 13, 2020, to discuss the complaint and comments Goodwin made about Sliwoski's work on the Donald J. Trump transition team and how Weiss needed to be informed about this because Weiss is a lesbian. Goodwin was aware Watson was having informal mentorship meetings with Weiss.

24. On December 9, 2020, Sliwoski, requested to meet with Subramanian, Price, Watson, Mangum, Goodwin, Angela Nelson ("Assistant Director of FMD Financial Services"), along with Kathy Oliveri ("VCU Human Resources Senior Consultant"), and Henry-Jones, to discuss the "communication issues" between FMD Financial Services leadership, Goodwin, Nelson, and Mangum, along with the AiM team, Subramanian, Price, and Watson. During the meeting Sliwoski reported he was told allegations of misconduct of Subramanian, Watson, and Mangum. During the meeting, the allegations of misconduct against Watson and Subramanian were proven to be false accusations. Watson was able to provide numerous documents and information to support the allegations against Mangum for committing Fraud, abusive and hostile work environment.

25. On May 20, 2021, Watson met with SheDana Henry-Jones and Monica Johnson ("Employee Relations Consultant ") to discuss the continued workplace violations, VCU policy violations, and Commonwealth violations by Mangum. During the meeting Watson mention how Mangum's actions were in violation of multiple policies. Henry-Jones asked Watson if these issues were related more to communication issues.

26. A following complaint was reported by Watson on May 28, 2021, to Sliwoski and Roxanne Razo (Director of Staff Operations"), and following the investigation, Watson's supervisor, Subramanian, reported to Weiss, and Karen Helderman ("Executive Director of Audit and Compliance Services of VCU") on or around September 29, 2021, that Sliwoski, Goodwin, and Henry-Jones, signed off on a multi-thousand-dollar bonus for Mangum. After Sliwoski, Goodwin, and Henry-Jones were made aware of the fraud committed by Mangum.

27. On or Around July 7, 2021, Watson had an impromptu meeting with Sliwoski. Prior to this impromptu meeting, Razo reported to Watson on a phone call, he was being viewed as a

"complainer." Watson wanted to know if Sliwoski had the same or similar opinion. Sliwoski followed up by stating that Watson had such clear evidence that Mangum and Goodwin were not able to "poke holes" in Watson's evidence but Mangum has the support of Goodwin. Sliwoski informed Watson that Mangum had filed an EEOC complaint against Sliwoski. Mangum stated Sliwoski was a racist for demoting Mangum from Unit Director to Assistant Director. Sliwoski reported that he was able to defend his claim against the EEOC due to the witnesses Sliwoski provided stating that Mangum was known for bullying and bad behaviors toward other colleagues at VCU.

28. Henry-Jones notified Watson via email on October 13, 2021, that VCU has hired an outside attorney to review the complaint.

29. On March 29, 2022, Loving met with Watson to discuss, Watson's Annual Performance Review for 2021. Watson was already aware that Subramanian had completed Watson's Annual Performance review with a high rating of "Advanced". Loving asked Watson to go over his updates, and Loving had reduced several area's and even marked an area as "Developing" which is less than the medial rating of "Successful".

30. On April 14, 2022, Watson was required to attend the AiM-Touch base meeting with Loving. During the meeting and discussion of the issues regarding Watson's Annual Performance review. Loving indicated that Watson must drop his complaints and no longer discuss the issue as stated in the Action Plan given to him on March 2, 2022.

31. On September 28, 2021, in a meeting with Robertson, Watson and Subramanian, we were to discuss the issue regarding my complaint against Mangum. Watson provided Robertson with physical copies during the meeting that were already sent via email to Robertson. Robertson stated that it was clear that Mangum was coming after Watson, but we are going to continue to review the matter as a communication issue. Watson asked Robertson, if the evidence presented about Mangum's actions were Watson's actions, would the situation be different? Robertson stated that Watson would be terminated, and it would not even take the amount of evidence provided but only one or two of the situations to allow for Watson's termination.

32. On September 30, 2021, Ashley Green ("Program Manager, Analytics and Investigations with Audit and Compliance Services of VCU") sent an email to Subramanian. "Good morning Al, Thank you for raising your concerns to the Integrity and Compliance Office. We are in receipt. For context and clarification of the process, the university is reviewing the concerns raised and no conclusions have been reached. Concerns raised in 2020 were addressed appropriately at that time." End quote.

33. On September 30, 2021, Subramanian responded, "Hi Ashley, I am a bit startled by this one statement "Concerns raised in 2020 were addressed appropriately at that time". The following is why I am startled(from my point of view): Fraud has occurred. There have been attempts to ruin Paul's reputation. All of this was documented in 2020. We were told that there will be another "HR Communication" meeting to be held in January to continue from the December 2020 meeting, which never happened(Kathy Oliveri from HR can confirm this) till a recent meeting that was held last week. There were other witnesses(interviewed by HR) who have come forth in 2021, including myself, and made statements on their experiences with Claudia.  Now, if the very person who committed these offences gets a decent enough performance evaluation for the year 2020 that results in a review(bonus) in 2021, am I am to understand that leadership concluded the complaints as not adequate/material to give a reduced evaluation that triggered a bonus? In the hierarchy of crimes, where does fraud stand? What was the conclusion that occurred in 2020 that still ended up in a reward in 2021?"

34. On April 22, 2022, Watson received the requested FOIA documents. One of the documents included an email between Ishneila Moore ("Director of Employee Success and Development Office of Human Resources of VCU ") and Charlotte Hodges ("Consultant and Attorney") within the email was the submission of an "Interim - Report" dated December 22, 2022, within the report. Hodges states that "This appears to be the extent of any corrective action. Therefore, it is not surprising that within 5 months, Watson was again complaining about some of the same issues with Mangum." Hodges went on to say, "Despite the fact that an investigation was undertaken, it was surface level at best." Hodges continued to say, "It is difficult to tell how deeply the other employees were probed on the issues because their opinions were lumped together and summarized, and there should have been much more follow up on the issue of fraud that Watson alleged." In the email Hodges states to Moore, "Squig, I have included a copy of what I am calling an Interim Investigation Report for your review. Before you share this report or discuss it with anyone else, can you call me so we can discuss it so that I can share information I am not yet prepared to put in the report?"  Moore's replied, "Charlotte – I am sorry that you experienced some recently unexpected events, but you were engaged to investigate this matter on behalf of VCU in early October. This report is very incomplete."

35. Watson on September 17, 2021, filed a case with the Virginia Office of the Inspector General's Fraud, Waste, and Abuse unit, where they confirmed the Fraud conducted by Mangum, as

not only an instance of fraud but Mangum's actions to commit Fraud by creating a hostile and abusive environment.

36. Related to the Fraud, Waste, and Abuse claim, one instance of the Fraud, Mangum committed, is related to the work order 2019-459847-001. Mangum sent an email to Watson on October 24, 2019, at 2:44 PM, asking Watson why this transaction was not processed in Watson's billing. After further investigation by Watson using the Phase UDF Audit Report, Watson was able to determine that Mangum had changed the status of the Bill Type on the work order 2019-459847-001 from NON-BILLABLE ("Status of NON-BILLABLE will not bill in Watson's billing process") to PROGRESSIVE ("PROGRESSIVE will bill in Watson's billing process"). But the primary instance of fraud by Mangum, occurred when Mangum made the changes on October 24, 2019, at 2:40 PM, which is 3 minutes, but that time does not account for the delay in email transition from one user to another. With the delay for email transition time allotted Mangum did this in 2 minutes or less. Meaning Mangum intentionally changed the status and sent an email to Watson about why this transaction did not bill but Mangum was completely aware that the work order phase was set to NON-BILLABLE, and Mangum knowingly changed the status.

37. On February 24, 2022, Plaintiff Watson informed Meredith Weiss via email to report the physical injury of Tachycardia. The injury was a result from the situations caused by Defendants, Sliwoski, Mangum, and Robertson. Weiss has never responded to the email.

38. On May 3, 2022, Plaintiff Watson informed VCU Office of the President via email to report the workplace harassment, fraud and other violations that resulted in physical injury Tachycardia.

39. On May 6, 2022, Plaintiff Watson sent email at the request of staff in the VCU Office of the President to Pamela Lepley ("Senior Advisor to the President of VCU").

40. On May 9, 2022, Lepley replied to Watson's email, "Dear Paul, I have no authority in this case and would need to forward it to HR and their supervisors, which you already have done."

41. To current my former supervisor's position as the Director of Operational Analytics, Algappan Subramanian his last date of employment was December 31, 2021, VCU has yet to post the position for replacement. To current my former coworker's position as the System and Reporting Coordinator whose last physical date of employment was November 30, 2021, VCU has yet to post the position for replacement.

### Violation of First Amendment Rights

42. As a citizen and valued member of society, Watson enjoys First Amendment protection of his free speech rights to engage in public discourse on matters of public interest including the protection of freedom of expression. Watson has the right to express himself accordingly to the law.

### VCU HISTORY OF RETALIATION AGAINST WATSON

43. There is a pattern of disregard for policy, procedures, allowance of fraud, discrimination, and retaliation at VCU associated with the Plaintiff Watson's tenure at VCU FMD that will become evident as the trial of this matter matures. There is a recent case brought against VCU by L. Douglas Wilder – case # 3:22cv-00498, with nearly identical matters that show a pattern of the same behaviors stated in this complaint. This is herein referenced to provide Defendants with notice of intent to produce evidence relative thereto.

### Relief Sought

44. Watson seeks $ 5.3 million dollars in compensation against VCU, Sliwoski, Robertson, Loving, and Mangum jointly and severally for violations of United States Federal laws to file complaint without intimidation, harassment, ill consequences, and disregard for procedure resulting in physical injuries, stress, and emotional distress from Defendants' actions.
45. Watson seeks declaratory and injunctive relief, temporary and permanent, against all Defendants sued in their individual and official capacity (and thus VCU itself) requiring VCU to afford him the protections that are required by policy, procedures, and protocol.
46. Watson seeks attorney's fees and costs against all Defendants should Watson be a prevailing party under 42 U.S.C. § 1988.

**TRIAL BY JURY IS REQUESTED.**

                                                **Paul Watson,**
                                                **307 Karl Linn Dr, Unit 419**
                                                **North Chesterfield, Virginia 23225**
                                                **(336) 906-3631**
                                                **Paul.Watson@watson-group.org**

III.       **STATEMENT OF CLAIM**

1. Plaintiff, Paul Joseph Watson, Financial and System Analyst, of Facilities Operations of VCU.
2. Defendant, Virginia Commonwealth University.
3. Defendant, Richard Sliwoski, Associate Vice President of Facilities Management Department of VCU
4. Defendant, Samuel Robertson, Executive Director of Facilities Operations of VCU.
5. Defendant, Michael Loving, Director of Facilities Assets of VCU.
6. Defendant, Claudia Mangum, Assistant Director of Facilities Management Department's Financial Services of VCU.
7. On March 2, 2022, Defendant Michael Loving, served Plaintiff Watson with a Performance Improvement Action Plan:
With a documented Action Plan, as a Performance Improvement Plan, This document stated: "This action Plan is aimed at your success and career development under the Working@VCU: Great Place HR policy. VCU received the report of investigation into your recent allegations of inappropriate workplace conduct, including workplace harassment, bullying, retaliation, hostile work environment, defamation and fraud. The report concludes that your allegations are not grounded in fact and lack evidence to support them. However, the report does demonstrate areas in which there was conflict, communication breakdowns, and other work-related relational challenges.
As a result of the findings in the report, FMD is continuing to focus on reinforcing a positive workplace for you and your colleagues. To that end, I ask that you work collaboratively with your manager on your performance and career development goals, which contribute to the university's mission. Though you may not agree with the conclusions of the report, you will need to move forward in a constructive manner. Now that the investigation has concluded, it is time for you to focus your efforts on the expectations for your position.

This action plan includes opportunities to demonstrate your current job-related skills and build the competencies that improve performance and enhance future career aspirations. VCU is committed to being a place where employees are connected to the university's mission, vision, core values and strategic priorities. VCU expects all employees to participate in training and educational opportunities that contribute to sustaining, enhancing, and improving their skills and competencies. To assist you in realizing your full potential at VCU, I am committed to helping you to succeed, specifically by promoting a positive, constructive, and energetic work environment for all members of the VCU community.
For the reasons cited above, I ask you to complete the following:
● Focusing on your Talent@VCU smart goals and competencies, which are essential requirements for your position,
● Scheduling at least bi-weekly (every two weeks) Talent@VCU Check-ins with your immediate manager to ensure you are effectively communicating with your colleagues and customers,
● Reviewing the Career Development Planning webpage to gain insight on your career path,
● Reviewing university competencies that are representative of the VCU core values which provides guidance for employees to be successful and also contribute to the university's mission. Please go to VCU's Core and Leadership Competencies to learn more,
● Receiving feedback from your managers through executive coaching and mentorship is an important component of an employee's career. I encourage you to learn more about developing an open and non-defensive posture to receiving coaching and feedback. This information is

**STATEMENT OF CLAIM – Page 2**

    intended to offer employees assistance to receive and respond to feedback in an appropriate and professional manner.
- Learning more about Communication within teams,
- Meeting and/or exceeding established job performance expectations as articulated in VCU's performance management guidelines,
- Making work-related decisions and taking actions that are always in the best interest of VCU, FMD and the VCU Community."

8. Defendant Loving, has continued to use the Action Plan guidelines, and meet with Plaintiff Watson as listed above on a regular bi-weekly basis in the "AiM touch-base meeting".
9. Defendant Loving, along with SheDana Henry-Jones, and Suzanne Milton, violated Plaintiff Watson's rights under the law to file a complaint without suffering retaliation.
10. On March 29, 2022, Defendant Michael Loving, met with Plaintiff Watson to discuss why Loving, changed Watson's Annual Performance Review from "Advanced" to a lesser rating.
11. On February 24, 2022, Plaintiff Watson informed Meredith Weiss via email to report the physical injury of Tachycardia. The injury was a result from the situations caused by Defendants, Sliwoski, Mangum, and Robertson. Weiss has yet to respond the email.
12. On May 3, 2022, Plaintiff Watson informed VCU Office of the President via email to report the workplace harassment, fraud and other violations that resulted in physical injury of Tachycardia.
13. On May 6, 2022, Plaintiff Watson sent email at the request of staff in the VCU Office of the President to Pamela Lepley ("Senior Advisor to the President of VCU ").
14. On May 9, 2022, Lepley replied to Watson's email, "Dear Paul, I have no authority in this case and would need to forward it to HR and their supervisors, which you already have done."
15. VCU has yet to acknowledge any wrongdoing or corrective actions regarding the complaint set forth by Watson and his former supervisor Algappan Subramanian against the Defendants for violations of the law.
16. Watson had communicated with his former supervisor Algappan ("Al") Subramanian of Mangum's hostile and abusive behaviors since 2019. Watson reported under the department of FMD Financial Services and reported during this time to David Goodwin ("Director of FMD Financial Services and supervised Subramanian from his start in FMD Financial Services and ended in January 2020). In January 2020, Paul Watson, his coworker Benita Price ("System and Reporting Coordinator"), Subramanian, were a part of the AiM team for Facilities Management and moved from reporting to Goodwin and moved under the Physical Plant Department under the Departmental Director John Less.
17. After reporting additional complaints to John Less, before his separation from VCU in June 2020, Less reported to Watson, that Watson needed to file a complaint and go past reporting the complaint to SheDana Henry-Jones and Less's supervisor Richard Sliwoski, and file directly with VCU Human Resources or the Vice President of Administration of VCU, Meredith Weiss. John Less, stated that he did not believe SheDana Henry-Jones and Richard Sliwoski would address the concern properly and would dismiss it almost immediately.

**STATEMENT OF CLAIM – Page 3**

18. On June 12, 2020, Watson met with SheDana Henry-Jones and Angela Nicholas ("Human Resources Consultant") to discuss the facts of the case. Henry-Jones made statements of Mangum's behavior as a communication issue.
19. On May 20, 2021, Watson met with SheDana Henry-Jones and Monica Johnson ("Employee Relations Consultant ") to discuss the continued workplace violations, VCU policy violations, and Commonwealth violations by Mangum. During the meeting Watson mention how Mangum's actions were in violation of multiple policies. Henry-Jones asked Watson if these issues were related more to communication issues.
20. Watson met with Sliwoski on August 13, 2020, to discuss the complaint and comments Goodwin made about Sliwoski's work on the Donald J. Trump transition team and how Weiss needed to be informed about this because Weiss is a lesbian. Goodwin was aware Watson was having informal mentorship meetings with Weiss.
21. On December 9, 2020, Sliwoski, requested to meet with Subramanian, Price, Watson, Mangum, Goodwin, Angela Nelson ("Assistant Director of FMD Financial Services"), along with Kathy Oliveri ("VCU Human Resources Senior Consultant"), and Henry-Jones, to discuss the "communication issues" between FMD Financial Services leadership, Goodwin, Nelson, and Mangum, along with the AiM team, Subramanian, Price, and Watson. During the meeting Sliwoski reported he was told allegations of misconduct of Subramanian, Watson, and Mangum. During the meeting, the allegations of misconduct against Watson and Subramanian were proven to be false accusations. Watson was able to provide numerous documents and information to support the allegations against Mangum for committing Fraud, abusive and hostile work environment.
22. A following complaint was reported by Watson on May 28, 2021, to Sliwoski and Roxanne Razo (Director of Staff Operations"), and following the investigation, Watson's supervisor, Subramanian, reported to Weiss, and Karen Helderman ("Executive Director of Audit and Compliance Services of VCU") on or around September 29, 2021, that Sliwoski, Goodwin, and Henry-Jones, signed off on a multi-thousand-dollar bonus for Mangum. After Sliwoski, Goodwin, and Henry-Jones were made aware of the fraud committed by Mangum.
23. On or Around July 7, 2021, Watson had an impromptu meeting with Sliwoski. Razo reported to Watson in a phone call, he was being viewed as a complainer. Watson wanted to know if Sliwoski had the same or similar opinion. Sliwoski followed up by stating that Watson had such clear evidence that Mangum and Goodwin were not able to "poke holes" in Watson's evidence but Mangum has the support of Goodwin. Sliwoski informed Watson that Mangum had filed an EEOC complaint against Sliwoski. Mangum stated Sliwoski was a racist for demoting Mangum from Unit Director to Assistant Director. Sliwoski reported that he was able to defend his claim against the EEOC due to the witnesses Sliwoski provided stating that Mangum was known for bullying and bad behaviors toward other colleagues at VCU.
24. On March 29, 2022, Loving met with Watson to discuss, Watson's Annual Performance Review for 2021. Watson was already aware that Subramanian had completed Watson's Annual Performance review with a high rating of "Advanced". Loving asked Watson to go over Loving's updates, and Loving had reduced several area's and even marked an area as "Developing" which is less than the medial rating of "Successful".
25. On April 14, 2022, Watson was required to attend the AiM-Touch base meeting with Loving. During the meeting and discussion of the issues regarding Watson's Annual Performance review. Loving indicated that Watson must drop his complaints and no longer discuss the issue as stated in the Action Plan given to him on March 2, 2022.

**STATEMENT OF CLAIM – Page 4**

26. By Loving using the Action Plan to require my silence in expressing myself freely and as an Agent of VCU, Loving and on behalf of VCU both are engaging in act to suppress my freedom of expression and deprive me of my first amendment rights.
27. On September 28, 2021, in a meeting with Robertson, Watson and Subramanian, we were to discuss the issue regarding my complaint against Mangum. Watson provided Robertson with physical copies during the meeting that were already sent via email to Robertson. Robertson stated that it was clear that Mangum was coming after Watson, but we are going to continue to review the matter as a communication issue. Watson asked Robertson, if the evidence presented about Mangum's actions were Watson's actions, would the situation be different? Robertson stated that Watson would be terminated, and it would not even take the amount of evidence provided but only one or two of the situations to allow for Watson's termination.
28. On September 30, 2021, Ashley Green ("Program Manager, Analytics and Investigations with Audit and Compliance Services of VCU") sent an email to Subramanian. "Good morning Al, Thank you for raising your concerns to the Integrity and Compliance Office. We are in receipt. For context and clarification of the process, the university is reviewing the concerns raised and no conclusions have been reached. Concerns raised in 2020 were addressed appropriately at that time." End quote.
29. On September 30, 2021, Subramanian responded, "Hi Ashley, I am a bit startled by this one statement "Concerns raised in 2020 were addressed appropriately at that time".  The following is why I am startled(from my point of view): Fraud has occurred. There have been attempts to ruin Paul's reputation. All of this was documented in 2020. We were told that there will be another "HR Communication" meeting to be held in January to continue from the December 2020 meeting, which never happened(Kathy Oliveri from HR can confirm this) till a recent meeting that was held last week. There were other witnesses(interviewed by HR) who have come forth in 2021, including myself, and made statements on their experiences with Claudia.  Now, if the very person who committed these offences gets a decent enough performance evaluation for the year 2020 that results in a review(bonus) in 2021, am I am to understand that leadership concluded the complaints as not adequate/material to give a reduced evaluation that triggered a bonus? In the hierarchy of crimes, where does fraud stand? What was the conclusion that occurred in 2020 that still ended up in a reward in 2021?"
30. On April 22, 2022, Watson received requested FOIA documents. One of the documents included an email between Ishneila Moore ("Director of Employee Success and Development Office of Human Resources of VCU ") and Charlotte Hodges ("Consultant and Attorney ") within the email was the submission of an "Interim - Report" dated December 22, 2022, within the report. Hodges states that "This appears to be the extent of any corrective action. Therefore, it is not surprising that within 5 months, Watson was again complaining about some of the same issues with Mangum." Hodges went on to say, "Despite the fact that an investigation was undertaken, it was surface level at best." Hodges continued to say, "It is difficult to tell how deeply the other employees were probed on the issues because their opinions were lumped together and summarized, and there should have been much more follow up on the issue of fraud that Watson alleged." In the email Hodges states to Moore, "Squig, I have included a copy of what I am calling an Interim Investigation Report for your review. Before you share this report or discuss it with anyone else, can you call me so we can discuss it so that I can share information I am not yet prepared to put in the report?"  Moore's replied, "Charlotte – I am sorry that you experienced some recently unexpected events, but you were engaged to investigate this matter on behalf of VCU in early October. This report is very incomplete."

**STATEMENT OF CLAIM – Page 5**

31. Watson on September 17, 2021, filed a case with the Virginia Office of the Inspector General's Fraud, Waste, and Abuse unit, where they confirmed the Fraud conducted by Mangum, as not only an instance of fraud but Mangum's actions to commit Fraud by creating a hostile and abusive environment.
32. Related to the Fraud, Waste, and Abuse claim, one instance of the Fraud, Mangum committed, is related to the work order 2019-459847-001. Mangum sent an email to Watson on October 24, 2019, at 2:44 PM, asking Watson why this transaction was not processed in Watson's billing. After further investigation by Watson using the Phase UDF Audit Report, Watson was able to determine that Mangum had changed the status of the Bill Type on the work order 2019-459847-001 from NON-BILLABLE ("Status of NON-BILLABLE will not bill in Watson's billing process") to PROGRESSIVE ("PROGRESSIVE will bill in Watson's billing process"). But the primary instance of fraud by Mangum, occurred when Mangum made the changes on October 24, 2019, at 2:40 PM, which is 3 minutes, but that time does not account for the delay in email transition from one user to another. With the delay for email transition time allotted Mangum did this in 2 minutes or less. Meaning Mangum intentionally changed the status and sent an email to Watson about why this transaction did not bill but Mangum was completely aware that the work order phase was set to NON-BILLABLE, and Mangum knowingly changed the status.
33. Plaintiff Watson has clear evidence showing fraud was committed by Mangum, as well as a hostile and abusive work environment, with the attempts to ruin Watson's reputation. Watson has reached out to all levels at VCU including the Office of the President of VCU, and they declined to intervene or adequately follow procedure and resolve the matter. Watson has faced direct retaliation from VCU as Loving, Henry-Jones, and Milton served Watson with an Action Plan for Watson filing his complaint. Watson also faced indirect retaliation from Loving, by lowering his Annual Performance Review for 2021, and being told he would have to apply for a new position to retain employment with VCU. Watson faced other retaliation and threats to his employment by Robertson's comments to terminate Watson. Watson has incurred physical injury of tachycardia reported to Weiss with no response or remedy given. Watson has documentation from the Final Report and Interim Report of the investigation by Hodges that was not properly conducted. Hodges statements conclude no true corrective actions were taken upon Mangum and nothing beyond a surface level investigation has been conducted by VCU. Yet VCU used the same report to serve Watson with the Action Plan to retaliate against Watson, to show VCU's disregard for policy, procedure and attempt to exacerbate an already long-standing situation of three years of abuse Watson has endured.

IV.     **RELIEF**

Plaintiff Watson seeks $5.3 million dollars in compensatory damages against Defendants VCU, Sliwoski, Robertson, Loving, and Mangum, jointly and severally. Plaintiff Watson seeks relief against all Defendants requiring VCU to afford him the protections that are required by VCU policy, procedures, and protocol. There continues to be no communication from VCU officials relative to any relief or actions. The actions of the Defendants have damaged Plaintiff Watson's professional, physical, mental, and emotional state, regarding his employment at VCU.

**2.     The Defendant(s) – Continued:**

    **a.  If the defendant is an individual**

        The defendant, <u>Richard Sliwoski</u>, is a citizen of the State of <u>Virginia</u>
        The defendant, <u>Samuel Robertson</u>, is a citizen of the State of <u>Virginia</u>
        The defendant, <u>Michael Loving</u>, is a citizen of the State of <u>Virginia</u>
        The defendant, <u>Claudia Mangum</u>, is a citizen of the State of <u>Virginia</u>

*[Signature: Paul J Watner]*

11/21/2022

307 Karl Linn Dr
Apt 419
North Chesterfield
VA 23225

[phone] - 336-906-3631