UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

PAUL WATSON,     )
         )
  Plaintiff,     )
         )
v.         )  Case No. 3:22-cv-00731 HEH
         )
VIRGINIA COMMONWEALTH )
UNIVERSITY, *et al.*    )

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

   Virginia Commonwealth University ("VCU"), Richard Sliwoski ("Sliwoski"), Samuel Robertson ("Robertson"), Michael Loving ("Loving"), and Claudia Mangum ("Mangum") (collectively, "VCU Defendants"), by counsel and pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, submit the following in support of their Motion to Dismiss the Complaint filed by Paul Watson ("Watson"), who is proceeding *pro se* in this matter.

I.  BACKGROUND

   Watson, a current employee of VCU, filed suit under "42 U.S.C. § 1983 and 42 § U.S.C. 2000e," claiming that VCU[1] and Sliwoski, Robertson, Loving, and Mangum, in their official and individual capacities,[2] violated his "clearly established rights to equal protection of the law."[3] Watson

---

[1] VCU assumes and proceeds herein as if Watson had named as a defendant the Board of Visitors of Virginia Commonwealth University, which, pursuant to Virginia Code § 32.1-2300, does business as "Virginia Commonwealth University."

[2] Complaint, ¶¶ 10 to 14 [page 3].

[3] Complaint, ¶¶ 1, 2 [page 1]; *see also* Complaint, ¶¶ 3 to 6 [pages 1-2](referring repeatedly to violations of his "clearly established rights to equal protection of the law").

alleges that he is asserting federal claims only; that he seeks relief for "violations of United States Federal laws" and that this Court has jurisdiction over his claims pursuant to 28 U.S.C. § 1331.[4]

Watson recounts, in typical *pro se* fashion, several workplace events and communications that transpire over a period of years. But in the end, Watson pleads only two separate causes of action. First, Watson alleges that he "enjoys First Amendment protection of his free speech rights" but does not explain if or how his "free speech" rights were violated.[5] Second, Watson alleges (presumably under Title VII and/or the Equal Protection Clause) that "there is a pattern of disregard for policy, procedures, allowance of fraud, discrimination, and retaliation at VCU associated with Plaintiff Watson's tenure at VCU FMD that will become evident as the trial of this matter matures."[6] Watson seeks 5.3 million dollars in compensation for "violations of United States Federal laws to file complaint without intimidation, harassment, ill consequences and disregard for procedure . . . ."[7] Watson is proceeding *pro se,* but nonetheless asks for the recovery his attorneys fees under 42 U.S.C. § 1988.[8]

Watson's claims should be dismissed for several reasons. First, Watson has not exhausted his claims of discrimination and/or retaliation with the EEOC. Second, even if he had exhausted those claims, Watson does not allege facts showing that he was discriminated against based on his race or sex. For example, he does not allege that he was treated differently than similar VCU employees

---

[4] Complaint, ¶ 7 [page 2]; *see also* Complaint, ¶ 44 [page 10](seeking relief for "violations of United States Federal laws").

[5] Complaint, ¶ 42 [page 10].

[6] Complaint, ¶ 43 [page 10].

[7] Complaint, ¶ 44 [page 10].

[8] Complaint, ¶ 46 [page 10].

2

outside of his protected class or that he engaged in any Title VII protected conduct. Nor does he allege facts that plausibly establish that he was subjected to an adverse employment action.[9]

Third, Watson does not allege facts establishing any claim under the Equal Protection Clause. More specifically, and in addition to not suffering from an adverse employment action, Watson does not allege facts showing that he was treated differently than other VCU employees outside of his protected class or that such unequal treatment was the result of intentional discrimination.

Fourth, Watson does not allege that his free speech rights were violated or allege facts that plausibly support a claim that his free speech rights under First Amendment were violated or that he was retaliated against in violation of his rights under the First Amendment.

Fifth, VCU is entitled to immunity under the Eleventh Amendment for claims brought under 42 U.S.C. § 1983.[10]

Finally, Watson does not allege that Sliwoski, Robertson, or Mangum acted personally or took an active role in any alleged deprivation of Watson's rights, and as such, claims asserted under 42 U.S.C.

---

[9] At the pleading stage, a *pro se* plaintiff claiming race or sex discrimination under Title VII must plead facts showing that he, among other things, "suffered an adverse employment action" and "was treated differently than similarly-situated employees outside his protected class." *Murphy v. FRB of Richmond*, Civil Action No. 3:19cv180, 2020 U.S. Dist. LEXIS 11294, at *12 (E.D. Va. Jan. 22, 2020); *Yin v. CTI Consultants, Inc.*, Civil Action No. 3:17cv296, 2018 U.S. Dist. LEXIS 55089, at *13 (E.D. Va. Mar. 30, 2018). As for a claim of retaliation, a *pro se* plaintiff must plausibly "allege facts establishing [1] that he engaged in a protected activity, [2] that his employer took an adverse employment action against him, and [3] that . . . a causal link [exists] between those events." *Savage v. Maryland*, 896 F.3d 260, 276 (4th Cir. 2018); *see also Anderson v. Sch. Bd.*, Civil Action No. 3:18cv745, 2020 U.S. Dist. LEXIS 94645, at *47 (E.D. Va. May 29, 2020).

[10] *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 483 n.5 (4th Cir. 2005); *see also Allen v. Cooper*, 895 F.3d 337, 347 (4th Cir. 2018) ("Sovereign immunity under the Eleventh Amendment protects the States, their agencies, and state officials acting in their official capacities from being sued in federal court without their consent.")

§ 1983 against those individuals, in their official and individual capacities, should be dismissed.[11] In addition, Sliwoski, Robertson, Loving, and Mangum are entitled to full immunity under the Eleventh Amendment from the claims asserted against them in their official capacities and are entitled to qualified immunity from the claims asserted against them in their individual capacities.[12]

For all of these reasons, and as explained in more detail below, Watson fails to allege facts establishing that the VCU Defendants violated Watson's rights under the "United States Federal laws," including the Equal Protection Clause, Title VII, and the First Amendment.  The VCU Defendants are entitled to Eleventh Amendment immunity and/or qualified immunity against claims asserted under 42 U.S.C. § 1983, and this Court should grant the VCU Defendants' motion to dismiss pursuant to Rule 12(b)(1) and/or Rule 12(b)(6).

II.    LEGAL ANALYSIS

   A.    APPLICABLE STANDARDS OF REVIEW ON A MOTION TO DISMISS

      1.    Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to move for dismissal of a claim when the court lacks subject matter jurisdiction over the action. *A.W. ex rel Wilson v. Fairfax Cty. Sch. Bd.,* 548 F. Supp. 2d 219, 221 (E.D. Va. 2008). The plaintiff bears the burden of proving subject

---

[11] *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985) ("in order for an individual to be liable under § 1983, it must be 'affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights'") (quoting *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)); *accord Garraghty v. Va., Dep't of Corr.*, 52 F.3d 1274, 1280 (4th Cir. 1995).

[12] Dismissal under Rule 12(b)(6) is appropriate when the face of the complaint clearly reveals that a party is entitled to the defense of qualified immunity. *Occupy Columbia v. Haley*, 738 F.3d 107, 116 (4th Cir. 2013).

matter jurisdiction. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). If a motion challenges the existence of the Court's subject matter jurisdiction, "the Court may look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Virginia v. United States*, 926 F. Supp. 537, 540 (E.D. Va. 1995) (internal quotations omitted). When deciding a Rule 12(b)(1) motion, a district court "is to regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Evans,* 166 F.3d at 647 (internal quotation marks omitted). A court should grant a Rule 12(b)(1) motion to dismiss if the material jurisdictional facts are known and the moving party is entitled to prevail as a matter of law. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States,* 945 F.2d 765, 768 (4th Cir. 1991).

Whether a defendant has Eleventh Amendment immunity is properly considered on a Rule 12(b)(1) motion. *See, e.g., Haley v. Commonwealth of Va. Dept. of Health,* No. 4:12-cv-16, 2012 U.S. Dist. LEXIS 161728, at *1-2 (W.D. Va. Nov. 13, 2012).

    **2.**    Rule 12(b)(6).

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of the complaint. Fed. R. Civ. P. 12(b)(6); *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). A complaint that does not "contain sufficient factual matter… to 'state a claim to relief that is plausible on its face'" must be dismissed. *Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While "detailed factual allegations" are not required, *Twombly,*

550 U.S. at 555, a plaintiff must nevertheless "allege facts sufficient to state all the elements of [his] claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Dismissal is appropriate "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Oryn Treadway Sheffield, Jr. Trust v. Consolidation Coal Co.*, 819 F. Supp. 2d 625, 630 (W.D. Va. 2011) (quoting Iqbal, 556 U.S. at 679).

While district courts must construe *pro se* pleadings liberally, the "[p]rinciples requiring generous construction of pro se complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). To survive a motion to dismiss, even *pro se* complaints must contain sufficient factual allegations, taken as true, "to raise a right to relief above the speculative level" and "nudge [the] claims across the line from conceivable to plausible." *Vitol, S.A. v. Primerose Shipping Co.,* 708 F.3d 435, 543 (4th Cir. 2013) (quoting *Twombly*, 550 U.S. at 555); *see Lambert v. Whiting Turner Contr.*, 2016 U.S. Dist. LEXIS 66522, 5-6 (E.D. Va. May 19, 2016) (applying *Twombly* pleading standards to *pro se* complaints); *Barnes v. Sam's East, Inc.*, 2015 U.S. Dist. LEXIS 110651 (W.D. Va. Aug. 20, 2015) (a *pro se* complaint must contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face") (citing *Twombly*); *Bracey v. Buchanan*, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999) (same).

In reviewing a *pro se* complaint on a Motion to Dismiss, a district court "cannot act as a *pro se* litigant's advocate and develop, *sua sponte*, statutory and constitutional claims that the litigant failed to raise on the face of the complaint." Similarly, district courts are not to attempt "to discern the

unexpressed intent of the plaintiff." *Jones v. Va. Commonwealth Univ. Health Sys.*, Civil Action No. 3:21cv730-HEH, 2022 U.S. Dist. LEXIS 41260, at *3 (E.D. Va. Mar. 8, 2022) (quoting *Laber v. Harvey,* 438 F.3d 404, 413 n.3 (4th Cir. 2006)).

   B.   WATSON HAS NOT EXHAUSTED HIS TITLE VII CLAIMS.

   Before filing suit under Title VII, a plaintiff must exhaust his administrative remedies by filing a charge of discrimination with the EEOC. *Bryant v. Bell Atl. Md., Inc.* 288 F.3d 124, 132 (4th Cir. 2002); *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir. 2000). More specifically, before filing a Title VII claim against a Virginia employer, a potential Title VII plaintiff must first file — within "300 days [of] the last date of alleged discrimination," *Edwards v. Murphy-Brown, L.L.C.*, 760 F. Supp. 2d 607, 619 (E.D. Va. 2011) (citing *Edelman v. Lynchburg Coll.*, 300 F.3d 400, 404 (4th Cir. 2002)) — "a timely charge of discrimination with the Equal Opportunity Commission [('EEOC')] together with receipt of, and action on, a statutory notice of his [or her] right to sue." *Brailey v. Advance Am. Cash Advance Ctrs. of Va., Inc.*, No. 3:08cv365, 2009 U.S. Dist. LEXIS 132419, 2009 WL 8747823, at *3 (E.D. Va. July 27, 2009) (quoting *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979)). Those administrative remedies must be exhausted prior to the Title VII plaintiff filing suit in state or federal court to seek redress under Title VII. *See Gonzalez v. Perdue*, No. 3:18cv459, 2020 U.S. Dist. LEXIS 46834, 2020 WL 1281237, at *10 (E.D. Va. Mar. 17, 2020) (citations omitted); *Burr v. Campbell*, Civil Action No. 3:21cv403, 2022 U.S. Dist. LEXIS 59056, at *7 (E.D. Va. Mar. 30, 2022).

   When a plaintiff fails to exhaust his administrative remedies, "the Court is deprived of subject matter jurisdiction over the claim," making dismissal appropriate. *Jones v. Calvert Grp., Ltd.*, 551 F.3d

297, 300 (4th Cir. 2009). As such, where a potential Title VII plaintiff attempts to assert a Title VII

claim but fails to allege that he exhausted or attempted to exhaust those claims, the Title VII claims

are subject to dismissal under Rule 12(b)(1).

By way of example, in *Burr v. Campbell,* a VCU employee proceeding *pro se* alleged that she

was discriminated against based on her gender in violation of her rights under Title VII. However, she

did not allege facts stating or suggesting that she had exhausted those claims with the EEOC before

filing suit. This Court acknowledged that Burr was proceeding *pro se* – and was accordingly entitled

to a liberal pleading standard -- but nevertheless dismissed her Title VII claims on a motion to dismiss,

stating:

> Burr's Title VII Claim must be dismissed because she does not state any facts indicating
> that she has satisfied these prerequisites. To begin, she pleads no facts to support a
> finding that she filed a charge of discrimination with the EEOC. Moreover, even if she
> had stated that she filed such a charge, she also states no facts in her Complaint
> suggesting that she exhausted her administrative remedies with the EEOC before
> filing the instant case in federal court. Thus, the Court will dismiss Burr's Title
> VII Claim . . . .

*Burr v. Campbell*, Civil Action No. 3:21cv403, 2022 U.S. Dist. LEXIS 59056, at *7 (E.D. Va. Mar.

30, 2022).

Like the plaintiff in *Burr*, Watson does not allege that he exhausted or attempted to exhaust

his Title VII claims with the EEOC. Nor are the VCU Defendants aware of Watson filing any charge

with the EEOC. Nevertheless, Watson did not allege any facts that plausibly show that he exhausted

any Title VII claim against any VCU Defendant.  Therefore, Watson's Title VII claims cannot proceed

and must be dismissed. *Burr v. Campbell*, Civil Action No. 3:21cv403, 2022 U.S. Dist. LEXIS 59056,

at *7 (E.D. Va. Mar. 30, 2022); *Chacko v. Patuxent Inst.*, 429 F.3d 505, 509 (4th Cir. 2005); *Evans*, 80 F.3d at 963; *Atchariyakornchai*, 2019 U.S. Dist. LEXIS 143376, at *11-13.

C.    EVEN IF HE HAD EXHAUSTED HIS TITLE VII CLAIMS, WATSON FAILS TO ALLEGE FACTS THAT ESTABLISH EMPLOYMENT DISCRIMINATION UNDER TITLE VII.

1.    Watson does not allege – or set forth facts – establishing that he was discriminated against based on his race or sex.

Even if he had exhausted his Title VII claims, Watson nevertheless fails to establish a claim under Title VII.  To begin with, aside from pleading that he is "Native American and Puerto Rican, and a homosexual male," Watson alleges no additional facts to establish that his race or sexual orientation is relevant to or the basis for any of the claims in the Complaint. To be clear, Watson does not allege that he was discriminated against based on his race or sexual orientation or that he was retaliated against for engaging in conduct protected under Title VII, such as submitting a complaint about race or sex discrimination.  The only hint Watson provides on whether he is asserting claims under Title VII is his statement that the Complaint is being filed under "42 § U.S.C. 2000e" [sic], as well as under 42 U.S.C. § 1983.[13]

Nevertheless, and assuming that Watson is asserting claims under Title VII, he does not allege any facts that plausibly support that he was discriminated against based on his race or sexual orientation in violation of Title VII or that he was retaliated against for engaging in conduct protected by Title VII.  As such, even if Watson had exhausted his Title VII claims, those claims are subject to dismissal under Rule 12(b)(6).  *Sarraj v. N. Va. Elec.*, No. 1:22-CV-12, 2022 U.S. Dist. LEXIS 127735, at *21

---

[13] Complaint, ¶ 1 [page 1].

(E.D. Va. July 18, 2022) (dismissal of Title VII claims is appropriate where the plaintiff "has not alleged facts that plausibly demonstrate that her race was the but-for cause of any adverse employment action").

> **2.** <u>Watson fails to allege facts showing he suffered an adverse employment action.</u>

To survive a motion to dismiss, the plaintiff must have alleged, among other things, that he suffered an adverse employment action. *Collins v. Fairfax Cty. Sch. Bd.*, No. 1:20-cv-1538 (LMB/MSN), 2021 U.S. Dist. LEXIS 122893, at *16 (E.D. Va. June 30, 2021)(dismissing Title VII complaint).

Watson does not allege facts establishing that he suffered an adverse employment action. More specifically, Watson alleges that on March 2, 2022, he was given an "Action Plan," which he characterizes as a "Performance Improvement Plan."[14] Watson recounts the text of that document in Paragraph 19, pages 4-5, and in the second Paragraph 7, pages 12-13.  For purposes of clarity and because it appears that Watson relies primarily on this document to establish his claims,[15] a full, true copy of that document, a Career Development Action Plan, is attached hereto at Exhibit 1 (hereinafter "Career Development Action Plan.")

The Career Development Action Plan states, "This action plan is aimed at your success and career development under the Working@VCU: Great Place HR policy."[16]  The Career Development

---

[14] Complaint, ¶ 19 [page 4].
[15] Complaint, ¶ 33 [page 8].
[16] Complaint, ¶ 19 [page 4]; Exhibit 1, page 1.

Plan confirms that VCU has received and investigated Watson's concerns about the workplace but found them to be "not grounded in fact and lack evidence."[17]  As recounted in the Complaint and Exhibit 1, the Career Development Action Plan states, "Though you may not agree with [these conclusions], you will need to move forward in a constructive manner . . . [and] it is time for you to focus your efforts on the expectations for your position."[18]  Finally, and as set forth in the Complaint and Exhibit 1, the Career Development Action Plan states, "To assist you in realizing your full potential at VCU," among other things, Watson should "focus[] on your Talent@VCU smart goals and competencies, which are essential requirements for your position" and "[s]chedul[e] at least bi-weekly (every two weeks) Talent@VCU Check-ins with your immediate manager to ensure you are effectively communicating with your colleagues and customers."[19]

The Career Development Action Plan is not, as suggested by Watson, a "Performance Improvement Plan." Rather, it confirms that VCU has completed its investigation into Watson's complaints and asks that going forward, Watson focus on his "Talent@VCU smart goals and competencies," schedule "Talent@VCU meetings with your immediate manager to ensure you are effectively communicating with your colleagues and customers," and engage in other activities designed to further Watson's career path and development.  It does not include a reprimand or indicate that Watson was being subjected to a demotion, reduction in pay, or any other materially adverse action.

---

[17] *Id.*

[18] *Id.*

[19] Complaint, ¶¶19 [pages 4-5], 7 [pages 12-13]; Exhibit 1, pages 1-2.

11

Even if the Career Development Action Plan were considered a "Performance Improvement Plan," it would not constitute an adverse employment action actionable under Title VII. *Anderson v. Sch. Bd.*, Civil Action No. 3:18cv745, 2020 U.S. Dist. LEXIS 94645, at *50 (E.D. Va. May 29, 2020) (granting a motion to dismiss on the basis that a "performance improvement plan" is not an adverse employment action); *Jensen-Graf v. Chesapeake Employers' Ins. Co.*, 616 F. App'x 596, 598 (4th Cir. 2015) (plaintiff alleging she was placed on a performance improvement plan but does not allege other materially adverse actions, such as lower pay or a demotion, fails to establish a Title VII retaliation claim). Nor do written reprimands, without more, constitute adverse employment actions under Title VII. As stated in *Hinton v. Va. Union Univ.,* "neither oral nor written reprimands constitute the sort of adverse employment action cognizable under Title VII unless [the] plaintiff also alleges that the reprimand has potential collateral consequences that rise to the level of an adverse employment action." *Byrd-Hedgepeth v. Capital One Servs., LLC,* Civil Action No. 3:19cv05, 2020 U.S. Dist. LEXIS 182363, at *65 (*quoting Hinton v. Va. Union Univ.*, 185 F. Supp. 3d 807, 819 (E.D. Va. 2016)).

The other potential adverse employment action identified by Watson concerns his Annual Performance Review, which Watson alleged was given to him by Loving on or before March 29, 2022. Watson states that Loving marked one area as "'Developing,' which is less than the medial rating of 'Successful.'"[20] A negative performance review (much less one that includes a "less than medial" evaluation in one area), however, does not constitute an adverse employment action, as it is "insufficient to constitute materially adverse employment actions under the [*Burlington N. & Santa*

---

[20] Complaint, ¶ 29 [page 7].

*Fe Ry. Co. v. White*] standard." *Cornelius v. McHugh*, 2015 U.S. Dist. LEXIS 110617, 2015 WL 5012843, at *8 (D.S.C. Aug. 21, 2015), *aff'd*, 654 F. App'x 141 (4th Cir. 2016) (*quoting Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006)); *see also Altman v. McHugh*, 2012 U.S. Dist. LEXIS 50474, 2012 WL 1190271, at *17 (W.D. Va. April 9, 2012) ("In the Fourth Circuit, a negative performance evaluation alone, without any accompanying injury or change in the terms or conditions of employment, is insufficient to constitute a materially adverse employment action in order to establish a cause of action for retaliation.")

In short, Watson does not allege that he suffered any collateral consequences separate from the Career Development Plan or Annual Performance Review, and as such, he fails to allege facts to support that he suffered an adverse employment action. Claims of race or sex discrimination under Title VII, to the extent Watson is asserting such claims, are subject to dismissal.

    **3.**    <u>Watson fails to allege facts to support a claim that he was retaliated against in violation of his rights under Title VII.</u>

To survive a motion to dismiss on a Title VII relation claim, a *pro se* plaintiff must plausibly "allege facts establishing [1] that he engaged in a protected activity, [2] that his employer took an adverse employment action against him, and [3] that . . . a causal link [exists] between those events." *Savage v. Maryland*, 896 F.3d 260, 276 (4th Cir. 2018); *see also Anderson v. Sch. Bd.*, Civil Action No. 3:18cv745, 2020 U.S. Dist. LEXIS 94645, at *47. (retaliation claim is premised on a "materially adverse" action).  Watson fails to allege facts that would support any of the elements of a retaliation claim under Title VII, however, and this claim fails as a matter of law.

Watson alleges generally that he "faced direct retaliation from VCU as Loving, Henry-Jones, and Milton served Watson with [the Career Development] Action Plan for Watson filing his Complaint."[21] Watson does not, however, allege or assert any facts showing that the "Complaint" referenced in the Career Development Action Plan included or concerned claims of discrimination based on his race or sex. The Career Development Action Plan state or infer that Watson engaged in any protected activity, and Watson does not otherwise allege any facts to suggest that he otherwise engaged in any conduct protected under Title VII.

Because Watson neither alleges specifically nor sets forth in the Complaint any facts showing that he engaged in any protected activity under Title VII, his retaliation claim fails as a matter of law. Even if Watson had exhausted his administrative remedies with the EEOC, he nevertheless fails to assert facts to support claims of retaliation under Title VII, and those claims should be summarily dismissed.

4.    Individual defendants are not subject to suit under Title VII

Title VII does not provide for individual liability. Irrespective of whether Watson exhausted his administrative remedies or set forth facts supporting claims under Title VII, the Title VII claims asserted against Sliwoski, Robertson, Loving, and Mangum fail as a matter of law. *Jones v. Va. Commonwealth Univ. Health Sys.*, Civil Action No. 3:21cv730-HEH, 2022 U.S. Dist. LEXIS 41260, at *7 ("a legion of cases within the Fourth Circuit agree . . . that Title VII does not place liability for

---

[21] Complaint, ¶33 [at page 16].

14

discrimination on individual employees or supervisors"). *Jones v. Va. Commonwealth Univ. Health Sys.*, Civil Action No. 3:21cv730-HEH, 2022 U.S. Dist. LEXIS 41260, at \*7 (E.D. Va. Mar. 8, 2022).

**D.**    WATSON'S EQUAL PROTECTION CLAUSE CLAIMS FAIL AS A MATTER OF LAW.

1.    Watson fails to assert that he was subjected to unequal treatment or facts showing a causal connection between any supposedly unequal treatment and his race or sex.

To state an Equal Protection Clause claim under 42 U.S.C. § 1983, a plaintiff must allege facts demonstrating "that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Fauconier v. Clarke*, 966 F.3d 265, 277 (4th Cir. 2020) (citing *Martin v. Duffy*, 858 F.3d 239, 248 (4th Cir. 2017)); *see also Equity in Ath., Inc. v. Dep't of Educ.*, 639 F.3d 91, 108 (4th Cir. 2011) ("In order to survive a motion to dismiss on an equal protection claim, a plaintiff must plead sufficient facts to demonstrate plausibly that he was treated differently from others who were similarly situated and that the unequal treatment was the result of discriminatory animus.")(citing *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001)).  To meet the first element, an Equal Protection Clause plaintiff must "plead sufficient facts to demonstrate plausibly that he was treated differently from others who were similarly situated." *Equity in Ath., Inc. v. Dep't of Educ.*, 639 F.3d at 108.  To satisfy the second element, the plaintiff must allege facts sufficient to show that the defendants "acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Sigma Lambda Upsilon/Señoritas Latinas Unidas Sorority, Inc. v. Rector & Visitors of the Univ. of Va.*, 503 F. Supp. 3d 433, 447-48 (W.D. Va. 2020).  This is, as many courts have noted, "no simple task."  *Id.* (quoting *Villanueva v. City of Scottsbluff*, 779 F.3d 507, 511 (8th Cir. 2015)).

In *Crawford v. Hughes*, a *pro se* plaintiff, Marla Faith Crawford ("Crawford"), sought to assert Equal Protection Clause claims against Melvin Hughes, a Virginia Circuit Court judge ("Judge Hughes"), alleging that he "violated . . . her rights to housing and rights to money that [she] earned to ensure the opposing party (White Man and or Woman) prevailed or bring [sic] harm to [Crawford]." *Crawford v. Hughes*, Civil Action No. 3:20cv813, 2021 U.S. Dist. LEXIS 98864, at *2 (E.D. Va. May 25, 2021). Finding that Crawford failed to allege any additional facts "indicating that she was treated differently from others who were similarly situated," this Court dismissed Crawford's Equal Protection Clause claims on a motion to dismiss under Rule 12(b)(6). *Crawford v. Hughes*, Civil Action No. 3:20cv813, 2021 U.S. Dist. LEXIS 98864, at *22-23 (E.D. Va. May 25, 2021). More specifically, this Court in *Crawford v. Hughes* stated, in relevant part:

> In her Complaint, Crawford alleges that she belongs to a protected class as an African American female, and that Judge Hughes "violated her rights to housing and rights to money that [she] earned to ensure the opposing party (White Man and or Woman) prevailed or bring [sic] harm to [Crawford]." (Compl. 4.) But those allegations do not give rise to an equal protection claim because Crawford does not identify any person to whom she was similarly situated but was treated differently by Judge Hughes. Crawford's conclusory allegations do not indicate that Judge Hughes purposefully discriminated against her on the basis of her race or sex. Because Crawford "pleads no facts that, even construed liberally, could support an inference that any unequal treatment stemmed from discrimination," she does not allege a violation of her equal protection rights. As a result, her § 1983 claim falters.

*Crawford v. Hughes*, Civil Action No. 3:20cv813, 2021 U.S. Dist. LEXIS 98864, at *22-23 (E.D. Va. May 25, 2021) (citations omitted).

Similarly, in *Williams v. Johnson,* a *pro see* plaintiff, Chauncey A. Williams ("Williams"), also attempted to assert an Equal Protection Clause. The court dismissed that claim on a motion to dismiss under Rule 12(b)(6), finding that Williams did not allege facts showing (a) that he was treated

differently based on a constitutionally protected characteristic or (b) a causal connection between the

alleged mistreatment and his membership in a protected class.  More specifically:

> Here, Williams states only that "ineffective management practices" have resulted in
> prisoners being housed in conditions that are "dysphoric," which results in their
> eventual recidivism. Thus, he has failed to allege facts that demonstrate that he was
> treated differently than others who were similarly situated as his claims relate to all
> prisoners and he has not alleged that any inmates received treatment that was different
> that the treatment that Williams received. Further, he fails to explain the facts that
> support his claim that his treatment was the result of intentional or purposeful
> discrimination. Therefore, this claim must be dismissed.

*Williams v. Johnson*, No. 1:10cv1290 (TSE/TCB), 2011 U.S. Dist. LEXIS 39815, at *9 (E.D. Va.
Apr. 11, 2011) (citations to docket omitted).

Like Crawford and Williams, Watson does not allege facts that support an Equal Protection

Clause claim. Watson recounts in the Complaint that he is a "Native American and Puerto Rican, and

a homosexual male."[22] He does not, however, allege any additional facts that plausibly support that he

was treated differently than other VCU employees outside of his protected class or that any differential

treatment *was because* he is a "Native American,"  a "Puerto Rican," or a "homosexual male." Watson

accordingly fails to allege facts that plausibly establish an Equal Protection Clause claim, and those are

subject to dismissal under Rule 12(b)(6).[23]

---

[22] Complaint, ¶ 9.

[23] To the extent that Watson is asserting a claim of retaliation under the Equal Protection Clause,
the Fourth Circuit does not recognize this claim as a matter of law. *Wilcox v. Lyons*, 970 F.3d 452,
458 (4th Cir. 2020) ("[a] pure or generic retaliation claim . . . simply does not implicate the Equal
Protection Clause") (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 250 (4th Cir. 1999)).

2.    <u>Claims that the VCU Defendants violated VCU policy are not actionable under the Equal Protection Clause</u>

Watson alleges generally (and repeatedly) that one or more of the VCU Defendants did not follow VCU policy. He similarly alleges some, but not all, of the VCU Defendants engaged in conduct Watson has claimed was "fraudulent" – a claim that VCU found to be without support or merit. Watson also suggests that VCU did not follow its policies in reviewing his claims against various co-workers.  These facts do not plausibly support a claim actionable under 42 U.S.C. § 1983.

Aside from not identifying what VCU policies were supposedly not followed, Watson does not have an independent right under the U.S. Constitution to enforce VCU's policies. *See Kilcoyne v. Morgan*, 664 F.2d 940, 942 (4th Cir. 1981), *cert. denied,* 456 U.S. 928 (1982); *Sigmon v. Poe*, 564 F.2d 1093, 1096 (4th Cir. 1977). Nor are Watson's constitutional rights violated if VCU does not follow its own policies. Further, to the extent Watson is simply attempting to appeal VCU's conclusion regarding previous complaints, that is not the purpose of 42 U.S.C. § 1983 and those claims accordingly fail as a matter of law.

To state a claim under § 1983, a plaintiff must identify a constitutional interest of which he was deprived. *See Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972) (holding that to have a property interest in a benefit, a person must have a "legitimate claim of entitlement to it"; a mere "abstract need or desire for it" or "a unilateral expectation of it" is insufficient). Accordingly, to the extent that Watson is attempting to assert a claim under § 1983 on the basis that one or more of the VCU Defendants violated VCU policies, he fails to allege facts that support the deprivation of a constitutional right and those claims should accordingly be dismissed.

18

E.    WATSON'S FIRST AMENDMENT CLAIMS FAIL AS A MATTER OF LAW

1.    Watson does not allege that the VCU Defendants violated his rights under the First Amendment.

Watson has not alleged that the VCU Defendants violated his free speech rights under the First Amendment. Rather, Watson recounts only that he "enjoys First Amendment protection of his free speech rights" but does not allege that any of those rights were violated. As stated in Paragraph 42, the sole paragraph asserted in support of what appears to be his first cause of action:

As a citizen and valued member of society, Watson enjoys First Amendment protection of his free speech rights to engage in public discourse on matters of public interest including the protection of freedom of expression. Watson has the right to express himself according to the law.

Having not alleged that his First Amendment rights have been violated, any claim alleging based on a violation of the First Amendment fails as a matter of law and should be dismissed.

2.    Watson does not allege facts that support a violation of his free speech rights under the First Amendment.

Watson states that during an AiM-Touch base meeting on April 14, 2022, Loving recounted that Watson – as stated in the Career Development Plan -- should drop his complaints against Mangum and no longer discuss the issue.[24] These facts do not support a claim that Watson's free speech rights have been violated.

Citizens do not relinquish all of their First Amendment rights when they accept public employment. *Urofsky v. Gilmore*, 216 F.3d 401, 406 (4th Cir. Va. June 23, 2000) (*en banc*)

_____

[24] Complaint, ¶ 30 [page 7].

19

(*citing United States v. National Treasury Employees Union*, 513 U.S. 454, 465 (1995)*; Connick v. Myers*, 461 U.S. 138, 142 (1983); *Pickering v. Board of Educ.*, 391 U.S. 563, 568 (1968)).  At the same time, the Supreme Court has recognized that public entities, in their capacity as employers, have legitimate interests in regulating the speech of their employees. *See Connick*, 461 U.S. at 142 (noting that the State has an interest "in promoting the efficiency of the public services it performs through its employees" (quoting *Pickering*, 391 U.S. at 568)).  Accordingly, the government, as an employer, "has the right to demand that employees are respectful in the workplace, that they produce written work that is concise and relevant to their duties, and that they support the government's objectives on matters relating to their jobs." *Silverman v. Town of Blackstone*, 843 F. Supp. 2d 628, 633-34 (E.D. Va. 2012).

The discussion described in Paragraph 30 of the Complaint does not plausibly implicate a free speech claim.  According to Watson, Loving was referring to the Career Development Action Plan, which  states that Watson should be "focusing on [his] Talent@VCU smart goals and competencies," that and "Though you may not agree with the conclusions of that [February 2, 2022] report, you will need to move forward in a constructive manner" and "[n]ow that the investigation has concluded, it is time for you to focus your efforts on the expectations for your position."[25]

The allegations contained in Paragraph 30 concern nothing more than Loving telling Watson how to perform his duties and, within the context of performing those duties, stop discussing his prior – and now resolved – complaints against Mangum.  As stated in *Silverman v. Town of Blackstone*, "The

---

[25] Complaint, ¶ 7 [page 2]..

First Amendment does not guarantee the right to say what one wants on the job." *Silverman v. Town of Blackstone*, 843 F. Supp. 2d 628, 634 (E.D. Va. 2012). As Watson does not allege any further facts to establish the implication of his free speech rights or that they were somehow violated, he fails to assert a claim under the First Amendment. *Id.* ("The First Amendment does not invest [public employees] with a right to perform their jobs however they see fit.") *Silverman v. Town of Blackstone*, 843 F. Supp. 2d 628, 634 (E.D. Va. 2012) (citing *Garcetti v. Ceballos*, 547 U.S. 410, 411 (2006)).

In short, Watson does not specifically allege that one or any of the VCU Defendants violated his right to free speech under the First Amendment. Even if he did, Watson has not alleged facts that support a violation of his free speech rights under the First Amendment and those claims should accordingly be dismissed.

3.    Watson has not alleged facts **that** plausibly establish that he was retaliated against for exercising his First Amendment rights.

To succeed on a free speech under the First Amendment retaliation claim, a plaintiff must allege facts that establish "(1) he engaged in protected First Amendment activity, (2) the defendants took some action that adversely affected his First Amendment rights, and (3) there was a causal relationship between his protected activity and the defendant's conduct." *Martin v. Duffy*, 977 F.3d 294, 299 (4th Cir. 2020) (citing *Martin v. Duffy*, 858 F.3d 239, 249 (4th Cir. 2017)) (alterations omitted). "[A] plaintiff suffers adverse action if the defendant's allegedly retaliatory conduct would likely deter a person of ordinary firmness from the exercise of First Amendment rights." *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 500 (4th Cir. 2005) (internal quotation

marks and citations omitted). He must show that the adverse action caused "something more than a 'de minimis inconvenience' to h[is] exercise of First Amendment rights." *Id.* (citation omitted); *see George v. Clevinger*, No. 7:21CV00517, 2022 U.S. Dist. LEXIS 212475, at *3-4 (W.D. Va. Nov. 23, 2022).

Skipping past whether Watson engaged in any protected First Amendment activity, this claim is easily dispensed with as Watson does not allege facts that show that any VCU Defendant took an adverse action that affected his First Amendment rights. As stated as recently as last July, criticism about one's employment or workplace reprimand, which does not carry any concrete consequences, "is not an adverse action for First Amendment retaliation purposes." *Bhattacharya v. Murray,* No. 3:19-cv-54, 2022 U.S. Dist. LEXIS 129588, at *19 (W.D. Va. July 21, 2022); *see Suarez Corp. Indus. v. McGraw*, 202 F.3d 676, 686 (4th Cir. 2000) (courts decline to find that an employer's actions have adversely affected an employee's exercise of his First Amendment rights "where the employer's alleged retaliatory acts were criticism, false accusations, or verbal reprimands). This, however, is nothing new, for as stated in *Hinton v. Va. Union Univ.:*

> Reprimands without collateral consequences are akin to non-actionable snubbing, antipathy, and petty slights . . . [and] cannot be characterized as 'adverse.' Because reprimands without collateral consequences are not adverse, they would not dissuade a reasonable employee from engaging in protected activity . . . ."

*Hinton*, 185 F. Supp. at 832; *see Mills v. City of Norfolk*, No. 2:21-cv-185, 2022 U.S. Dist. LEXIS 119574, at *32-36 (E.D. Va. July 6, 2022).

As discussed within the context of his Title VII claims above,[26] neither the Career Development Plan nor his Annual Performance Review constitute adverse employment actions or actions that are materially adverse to support a retaliation claim under the First Amendment. *Bhattacharya v. Murray*, No. 3:19-cv-54, 2022 U.S. Dist. LEXIS 129588, at *19 (an "internal document that raises concerns" about an employee's performance is not, as a matter of law, an adverse action that could support a First Amendment retaliation claim). Watson, as such, fails to state facts that plausibly support the second element of a First Amendment retaliation claim.

Nor has Watson alleged facts that establish the third prong of a First Amendment retaliation claim, that there is a causal connection between the alleged exercise of Watson's free speech rights and an adverse employment action. Watson does not allege any facts connecting the Career Development Action Plan to his race or sex or that the issuance of those two documents was the product of intentional race or sex discrimination. To the contrary, Watson does not allege that he submitted any complaint or raised concerns regarding Loving, yet it is undisputed that Loving is the one who issued Watson the Career Development Action Plan and Annual Performance Review.

The Fourth Circuit recognizes that the third prong of a First Amendment retaliation claim is "rigorous in that the protected expression must have been the but-for cause of the adverse employment action alleged." *Massaro v. Fairfax Cty.*, Civil Action No. 1:20-cv-0929, 2022 U.S. Dist. LEXIS 27517, at *24 (E.D. Va. Feb. 15, 2022) (quoting *Ridpath v. Bd. of Governors Marshall Univ.*, 447 F.3d 292, 316 (4th Cir. 2006). Here, Watson has not alleged any facts to support this critical third prong

---

[26] *See* Section II(C)(2), pages 10-13.

of a First Amendment retaliation claim.

In sum, Watson has failed to allege facts to establish the second or third prong of a First Amendment retaliation claim. As such, and to the extent that Watson asserts a First Amendment relation claim, that claim fails as a matter of law and should be dismissed under Rule 12(b)(6).

F.    VCU AND THE INDIVIDUAL DEFENDANTS, IN THEIR OFFICIAL CAPACITIES, ARE ENTITLED TO ELEVENTH AMENDMENT IMMUNITY.

VCU is entitled to immunity under the Eleventh Amendment for claims brought under 42 U.S.C. § 1983.[27] *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 483 n.5 (4th Cir. 2005). The Eleventh Amendment similarly protects state employees from being sued in their official capacity. *Id.; see also Allen v. Cooper*, 895 F.3d 337, 347 (4th Cir. 2018) ("Sovereign immunity under the Eleventh Amendment protects the States, their agencies, and state officials acting in their official capacities from being sued in federal court without their consent.") As they are entitled to Eleventh Amendment immunity, VCU and the individual defendants, in their official capacities, should be dismissed from this action.

G.    WATSON FAILS TO ALLEGE FACTS SHOWING THAT SLIWOSKI, ROBERTSON, OR MANGUM PERSONALLY ACTED TO DEPRIVE WATSON OF ANY CONSTITUTIONAL RIGHT.

To hold an individual responsible under 42 U.S.C. § 1983, a plaintiff must plead facts showing that the state employee "acted personally in the deprivation of the plaintiff's rights." *Vinnedge v. Gibbs*,

---

[27] *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 483 n.5 (4th Cir. 2005); see also *Allen v. Cooper*, 895 F.3d 337, 347 (4th Cir. 2018) ("Sovereign immunity under the Eleventh Amendment protects the States, their agencies, and state officials acting in their official capacities from being sued in federal court without their consent.")

24

550 F.2d 926, 928 (4th Cir. 1977)); *accord Garraghty v. Va., Dep't of Corr.*, 52 F.3d 1274, 1280 (4th Cir. 1995). An active role is essential. *Id.; see Roncales v. Cty. of Henrico*, 451 F. Supp. 3d 480, 500 n.14 (E.D. Va. 2020).

Watson has not alleged any specific facts that support a claim that Sliwoski, Robertson, or Mangum did anything to deprive Watson of his constitutional rights. Because Watson does not allege facts showing that any of these individuals personally deprived Watson of his constitutional rights, Sliwoski, Robertson, or Mangum should be dismissed from this action.

### H.   THE INDIVIDUAL DEFENDANTS, INCLUDING LOVING, ARE ENTITLED TO QUALIFIED IMMUNITY.

When the "face of the complaint clearly reveals" that a party is entitled to the defense of qualified immunity, those claims are properly dismissed on a motion under Rule 12(b)(6). *Occupy Columbia v. Haley*, 738 F.3d 107, 116 (4th Cir. 2013); *accord Adams v. Ferguson*, 884 F.3d 219, 226 (4th Cir. 2018) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).[28] To determine whether a complaint should survive a qualified immunity-based motion to dismiss, federal courts use a two-prong inquiry; to wit, (1) whether a constitutional violation occurred and (2) whether the right violated was clearly established. *Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020).

As for the first prong, Watson fails to allege facts that plausibly establish a violation of his rights under the Equal Protection Clause or the First Amendment. As for the second, it is not clear

---

[28] Qualified immunity shields government officials performing discretionary functions from personal-capacity liability for civil damages under Section 1983, "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).

from the face of the complaint that any of the individual defendants, including Loving, acted to violate Watson's clearly established constitutional rights. For example, issuing an Annual Performance Review with one "area" marked as "Developing," as compared to "Successful," especially where there is no allegation that the evaluation was inaccurate, does not violate any clearly established rights. Likewise, telling an employee to stop talking about complaints that have been addressed and resolved and instead focus on his work is not a violation of law, and hardly a violation of a clearly established right under the Equal Protection Clause or the First Amendment.

Watson fails to establish the first or second prong of the qualified immunity standard. The individual defendants, including Loving, are therefore entitled to qualified immunity. *See Sigma Lambda Upsilon/Señoritas Latinas Unidas Sorority, Inc. v. Rector & Visitors of the Univ. of Va.*, 503 F. Supp. 3d at 444 (officials are entitled to qualified immunity if either prong is not satisfied by the plaintiff). The claims asserted against the individual defendants, in their individual capacities, should be dismissed.

III.    <u>CONCLUSION</u>

Watson fails to state a claim upon which relief can be granted against any of the VCU Defendants. He did not exhaust his claims under Title VII and does not allege facts that plausibly support claims under Title VII, the Equal Protection Clause, or the First Amendment. Watson does not assert facts showing that Sliwoski, Robertson, or Mangum were actively or personally involved in any constitutional deprivation, which is required to establish claims against individuals under 42 U.S.C. § 1983. VCU and the individual defendants, in their official capacities, are entitled to Eleventh

Amendment immunity, and the individual defendants, in their individual capacities, are entitled to qualified immunity.

For these reasons, the VCU Defendants request that the Complaint be dismissed in its entirety, that VCU be dismissed from this action, and that each individual defendant be dismissed from this action, as well as any other relief the Court deems appropriate under the circumstances.

January 20, 2023                    Respectfully submitted,


                                    /s/ Kevin D. Holden_____
                                    Kevin D. Holden (VA Bar No. 30840)
                                    Ashlee N. Williams (VA Bar No. 95063)
                                    Jackson Lewis, P.C.
                                    701 E. Byrd Street, 17th Floor
                                    Richmond, VA 23219
                                    Telephone:  804-649-0404
                                    Facsimile:  804-649-0403

                                    kevin.holden@jacksonlewis.com
                                    ashlee.williams@jacksonlewis.com

                                    *Counsel for Defendants Virginia Commonwealth
                                    University, Richard Sliwoski, Samuel Robertson,
                                    Michael Loving, and Claudia Mangum*

27

<u>NOTICE TO PLAINTIFF AS PRO SE LITIGANT</u>

<u>PURSUANT TO LOCAL RULE 7(K)</u>

(1)     You are entitled to file a response opposing the Defendants' motion to dismiss and any such response must be filed within twenty-one (21) days of the date on which this motion is filed; and

(2)     The Court could dismiss the action on the basis of the Defendants' papers if you do not file a response; and

(3)     You must identify all facts stated by Defendants with which you disagree and must set forth your version of the facts by offering affidavits (written statements signed before a notary public and under oath) or by filing sworn statements (bearing a certificate that it is signed under penalty of perjury); and

(4)     You are also entitled to file a legal brief in opposition to the one filed by the Defendants.

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 20, 2023, I have filed the forgoing in this case using the Court's EFC system and served the foregoing via email and first-class mail, postage prepaid, to:

Paul Watson
307 Karl Linn Drive
Unit 419
North Chesterfield, VA 23225
paul.watson@watson-group.org

*Pro Se Plaintiff*

/s/  Kevin D. Holden
Kevin D. Holden (VA Bar No. 30840)
Ashlee N. Williams (VA Bar No. 95063)
Jackson Lewis, P.C.
701 E. Byrd Street, 17th Floor
Richmond, VA 23219
Telephone:  804-649-0404
Facsimile:  804-649-0403
kevin.holden@jacksonlewis.com
ashlee.williams@jacksonlewis.com

4855-0348-0140, v. 1

29