IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

| | |
|---|---|
| PAUL WATSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 3:22-cv-731–HEH |
| | ) |
| VIRGINIA COMMONWEALTH | ) |
| UNIVERSITY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**
**(Dismissing Complaint for Failure to Prosecute)**

THIS MATTER is before the Court on Defendants' Motion to Dismiss (the "Motion," ECF No. 10), filed on January 20, 2023. Upon filing their dispositive Motion, pursuant to Local Rule 7(k), Defendants provided Plaintiff, who is appearing *pro se*, a notice consistent with the requirements of *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). Plaintiff failed to timely respond because no responsive pleading was filed, and more than twenty-one (21) days have passed since the filing of Defendants' Motion.

Federal Rule of Civil Procedure 41(b) states that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The Court may also dismiss an action for failure to prosecute *sua sponte*. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–32 (1962). In assessing whether dismissal is appropriate under Rule 41(b), a court must evaluate (1) the degree of the plaintiff's personal responsibility for the failure; (2) the prejudice caused to the defendant; (3) whether the plaintiff has a history of

deliberately proceeding in a dilatory fashion; and (4) the availability of a less drastic sanction. *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982). *Pro se* litigants are not held to the same high standards as attorneys. *Hughes v. Rowe*, 449 U.S. 5, 10 n.7 (1980). However, they must meet certain standards, such as timely responding to a defendant's dispositive motion.

Here, the *Chandler* factors all point towards dismissal. Plaintiff has had ample time to respond to Defendants' Motion and has failed to communicate in any way. Defendants' also, pursuant to Local Rule 7(k), provided adequate notice of the consequences Plaintiff may face if he did not file a response. This lack of response causes significant prejudice to Defendant as it needlessly delays litigation.

The Court, therefore, DISMISSES the case for failure to prosecute under Rule 41(b). The Complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE.

The Clerk is DIRECTED to send a copy of this Order to all counsel of record and to Plaintiff, who appears *pro se*.

This case is CLOSED.

It is so ORDERED.

/s/
Henry E. Hudson
Senior United States District Judge

Date: Feb. 24, 2023
Richmond, Virginia